**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

**Kristina N. Holmstrom** (State Bar No. 023384)
Direct Dial: 602.262.5762
Direct Fax: 602.734.3875
Email:  kholmstrom@lrrc.com
**Lindsey Herzik** (State Bar No. 032587)
Direct Dial: 602.262.5319
Email:  lherzik@lrrc.com

*Attorneys for Defendant Property and Casualty Insurance Company of Hartford*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Vail,<br><br>                    Plaintiff,<br><br>     vs.<br><br>Property and Casualty Insurance Company of Hartford,<br><br>                    Defendant. | No.<br><br>**NOTICE OF REMOVAL** |

Defendant Property and Casualty Insurance Company of Hartford ("Hartford") removes this action from the Superior Court of Arizona, County of Pima, to the United States District Court for the District of Arizona. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

## I.     **Introduction.**

This lawsuit arises out of alleged breach of contract and bad faith in adjusting a property damage claim. Plaintiff Chris Vail ("Vail") alleges that on July 15, 2012, a storm struck and damaged the roof of the subject property, which allowed water to enter the structure. (Exhibit A, Compl., ¶¶ 12-14.) Vail made a claim for benefits pursuant to his insurance policy, Policy No. 55RBC423052 (the "Policy"), written by Hartford. (*Id.* at  ¶ 16.) Vail alleges that he notified Hartford of the damage to the property. (*Id.*)  He further claims Hartford dispatched ServPro to secure the roof. (*Id.* at ¶ 17.) Vail alleges that ServPro was negligent in its repairs, which caused further

101528152_1

damage to the property. (*Id.* at ¶ 18.) Vail also alleges ServPro took multiple items from the property including clothing and personal effects. (*Id.* at ¶ 19.) Vail alleges that he has not been reimbursed for the loss of these items. (*Id.* at ¶ 20.) Shortly after the storm, Hartford informed Vail that the estimated costs of repairs was approximately $8,000. (*Id.* at ¶ 21.) Vail objected to the presented valuation and assessment of covered damage. (*Id.*) On or about August 24, 2012, EFI Global inspected the property, on behalf of Hartford. (*Id.* at ¶¶ 22-23.) EFI Global gave an estimate of approximately $20,000; however, Vail again objected to the valuation. (*Id.* at ¶ 27.) Thereafter, Vail requested that an independent engineer come out and inspect the property for structural damage, which Vail alleges that Hartford denied. (*Id.* at ¶ 29.) Vail continued to disagree with the scope of damages and the valuation Hartford presented. (*Id.* at ¶ 30.) Thereafter, Vail filed a complaint with the Arizona Department of Insurance and retained a Public Adjuster. (*Id.* at ¶¶ 32-34.) Vail alleges that Hartford invoked the appraisal provision of the policy. (*Id.* at ¶¶ 35-53.) During the appraisal process Hartford made two payments to Vail for the actual cash value and the deductible. (*Id.* at ¶¶ 47-49.) After the appraisers conducted their inspections, the appraisers determined that the actual cash value of the covered damage was $74,829.50. (*Id.* at ¶¶ 53-54.)

Vail sued Hartford in the Pima County Superior Court, stating two claims for relief: (1) breach of contract (*Id.* at ¶¶ 73-84), breach of implied covenant of good faith and fair dealing, tortious bad faith (*Id.* at ¶¶ 85-110), and punitive damages (*Id.* at ¶ 111, prayer).

Removal is appropriate because this Court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because the parties are diverse and all of the information, viewed together, presents a "plausible allegation" that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

101528152_1                                        2

## II. This Court Has Jurisdiction Under 28 U.S.C. § 1332.

### A. There Is Diversity of Citizenship.

Vail alleges he is a resident Pima County, Arizona. (Exhibit A, Compl., at ¶ 1.) For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state where it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Hartford is an Indiana corporation with its principal place of business located in Indiana. Thus, there is diversity of citizenship between the parties.

### B. The Amount In Controversy Exceeds $75,000.[1]

Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The Ninth Circuit has held that a removing defendant need not establish the amount in controversy to a "legal certainty." *Sanchez*, 102 F.3d at 404. A removing defendant carries its burden with a preponderance of the evidence. *Id.* "In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Forever Living Prods. U.S. Inc. v. Geyman*, 471 F. Supp. 2d 980, 986 (D. Ariz. 2006).

#### 1. Vail's Allegations and Claims

The amount in controversy exceeds $75,000 according to the allegations in the Complaint. According to the Complaint, Vail alleges that he has damaged personal

---

[1] The present issue is merely to determine the amount *in controversy*. Thus, the points raised by Hartford in this Notice of Removal cannot be construed as an admission or concession as to any fact or claim asserted by Vail. *See Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("[T]he pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.") (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)) (emphasis in original). Hartford expressly reserves the right to deny liability and assert all defenses to Vail's substantive claims, as well as to contest the amount of his alleged damages.

property. A letter from Vail's attorney sets the personal property loss at approximately $25,000. (Exhibit B, January 2014 Letter and Invoice.) But Vail also claims that he is entitled to contractual damages and extra-contractual damages, punitive damages, and attorneys' fees. (*Id.*, Prayer for Relief.) Vail's allegations and the nature of the claims in question establish that it is more likely than not that the amount in controversy exceeds $75,000.

### 2. Certificate of Compulsory Arbitration

Vail also submitted a Certificate of Compulsory Arbitration certifying that the award he seeks, ***excluding*** attorneys' fees, interest, and costs, exceeds $50,000. (Exhibit A, Certificate of Compulsory Arbitration.) *See* Pima County Local Rule 4.2(a) (providing for compulsory arbitration if "the amount in controversy does not exceed $50,000.00").

### 3. Punitive Damages

In addition to the contract benefits and tort claims, Vail seeks punitive damages arising out of his bad faith claim. (Exhibit A, Compl., ¶¶ 111, Prayer for Relief.) Punitive damages indisputably count toward the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004) ("Punitive damages may . . . be included in determining the amount in controversy if they are recoverable under the applicable law."); *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 577 (D. Ariz. 2003) (noting that where the plaintiff alleged that MetLife "unfairly and dishonestly" denied her claim for disability benefits and sought damages to "deter such action in the future," the amount of punitive damages at issue was more likely than not "significantly large," as evidenced by other insurance bad faith cases cited by MetLife in the notice of removal).

When determining the amount in controversy, a court may consider punitive damage awards rendered in other, similar cases. *See, e.g.*, *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995). Because the facts of each case are

different, the amount of the verdict rendered in one case is not necessarily indicative of what will or might occur in this case. Moreover, it is difficult to "prove" what will occur in this case without disclosure or discovery about the actual facts of this case. But the case law shows that even where the contract damages are minimal, Arizona juries have awarded significant bad faith and punitive damages. *See, e.g.*, *Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 733 P.2d 1073 (1987) (coverage dispute over $8,000; jury awarded $15,000 in compensatory damages and $3.5 million in punitive damages); *Filasky v. Preferred Risk Mut. Ins. Co.*, 152 Ariz. 591, 734 P.2d 76 (1987) (insurer paid all contract benefits due, but plaintiff alleged that insurer unreasonably delayed payment; jury awarded $100,000 in bad faith damages and $1 million in punitive damages).

Moreover, Arizona juries have awarded significant punitive damages in insurance bad faith cases.

First, in *Ronald Diamond v. General American Life Insurance Co.*, Maricopa County Superior Court, No. CV 96-02277, the jury returned a $59 million verdict in November 1998. (Exhibit C, Trial Reporter Synopses.) The trial court later reduced the award substantially, and the case settled for an undisclosed amount.

Second, a jury in *Stephen McKendry v. General American Life Insurance Co.*, Maricopa County Superior Court, No. CV 96-754, returned a $17 million verdict in June 1999. (*Id.*) The trial court subsequently granted the defendants a new trial, and the case later settled for an undisclosed amount.

Third, a jury in *Greenberg v. Paul Revere Life Insurance Co.*, United States District Court, District of Arizona, No. CV99-0154-PHX-SRB, returned a punitive damage verdict of $2.4 million in December 2001. (*Id.*)

Fourth, in *Joanne Ceimo v. General American Life Insurance Co.*, United States District Court, District of Arizona, No. CV2000-01386, the jury returned an $84 million verdict in April 2003. (*Id.*) The district court remitted the award to approximately $13.7 million.

Fifth, in *Brett Leavey v. Provident Life and Accident Insurance Co.*, United States District Court, District of Arizona, No. CV02-2281-PHX-SMM, the jury returned a $19.8 million verdict in September 2005. (Exhibit D, Jury Verdict Form.) The district court remitted the award to $5 million.

It would take approximately a 3:1 ratio of punitive damages to contract damages to exceed $75,000 in this case. Consequently, it is "more probable than not" that a jury would return a verdict in excess of $75,000 if the facts Plaintiff alleges were true and a jury determined punitive damages were appropriate. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 492 (2008) (punitive damages "are aimed not at compensation but principally at retribution and deterring harmful conduct").

### 4. Claim for Attorneys' Fees

Further, Vail has alleged he is entitled to attorneys' fees as an element of damages. (Exhibit A, Compl., Prayer for Relief). Thus, the Court must consider his claim for attorneys' fees under A.R.S. § 12-341.01. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (including attorneys' fees to calculate amount in controversy); *Goldberg v. CPC Int'l*, 678 F.2d 1365, 1367 (9th Cir. 1982) ("[A]ttorney's fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant."); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy may include attorneys' fees where recoverable by statute or contract). Attorneys handling bad faith cases typically charge 33% to 45% contingent fees, and these cases usually generate over $150,000 in attorneys' fees. (*See* Exhibit A, Declaration of Counsel, ¶ 4).

Moreover, Vail appears to be seeking attorneys' fees he incurred during the course of appraisal, including hiring an attorney to contest Hartford's selected appraiser. (Compl. ¶ 40.)

### 5. The Amount in Controversy Exceeds $75,000

The allegations, attorneys' fees, and punitive damages alleged put the amount in controversy over the Court's jurisdictional minimum. The Certificate of Compulsory

101528152_1                                6

Arbitration establishes Vail seeks at least $50,000.  Vail moreover seeks attorneys' fees, which in bad faith cases generally amount to at least $150,000.  Finally, Vail seeks punitive damages, which alone would most likely exceed the $75,000 jurisdictional minimum, if awarded.  Hartford therefore removes this case based on diversity jurisdiction because all of the information, taken together, proves that it is more probable than not that the amount in controversy exceeds $75,000.  *See Sanchez*, 102 F.3d at 404 (amount in controversy must be shown by a preponderance of the evidence).

### III. This Removal Is Timely.

1. Vail filed this action in the Pima County Superior Court on May 9, 2017.
2. Hartford was served on May 15, 2017.
3. As this notice of removal is being filed on June 13, 2017, the removal is timely.  *See* 28 U.S.C. §1446(b).

### IV. Defendants Have Met All Other Requirements for Removal.

1. This Court has diversity jurisdiction under 28 U.S.C. § 1332.
2. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.
3. Hartford has attached to this Notice copies of all process, pleadings, and orders filed with the State Court prior to the filing of this Notice of Removal. (*See* Exhibit A, State Court Filings and Declaration of Counsel).
4. Hartford has concurrently filed a copy of this Notice in the Pima County Superior Court.
5. Hartford has served a copy of this Notice upon Vail's counsel.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

DATED this 13th day of June, 2017.

           LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Kristina N. Holmstrom*
     Kristina N. Holmstrom
     Lindsey Herzik
*Attorneys for Defendant Property and Casualty Insurance Company of Hartford*

### **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael N. Poli
Kesha A. Hodge
MERLIN LAW GROUP, PA
2999 N 44th Street, Suite 520
Phoenix, AZ 85018
*Attorney for Plaintiff*

*/s/ B. Phares*
LEWIS ROCA ROTHGERBER CHRISTIE LLP